# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHELLE GUIDRY**                                       **CIVIL ACTION**

**VERSUS**                                                **NO.  26-456-SDD-RLB**

**REBECCA DONALDSON, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE GUIDRY                                         CIVIL ACTION

VERSUS                                                 NO.  26-456-SDD-RLB

REBECCA DONALDSON, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Plaintif's Emergency Motion for Temporary Restraining Order and

Preliminary Injunction ("Motion for TRO") filed on May 29, 2026. (R. Doc. 6). The motion was

referred to the undersigned on June 2, 2026.[1]

On April 29, 2026, Michelle Guidry ("Plaintiff"), who is proceeding *pro se* and *in forma*

*pauperis*, commenced this Section 1983 action, alleging that Rebecca Donaldson ("Donaldson"),

her former attorney Kathryn Jakuback Burke ("Burke"), Assistant District Attorney Quoc Huu

Nguyen, and Baton Rouge Police Department ("BRPD") officers Willie Williams, Kama

Rousell, and Johnathan Lamotte (collectively, "Defendants") violated her constitutional

rights. (R. Doc. 1).

In the Complaint, Plaintiff alleges that after having an affair with a man married to

Donaldson, various litigation ensued in which Burke represented Plaintiff. Plaintiff alleges that

after the issuance of certain protective orders, Burke secretly filed and lost an appeal, resulting in

---

[1] Because this is a motion for injunctive relief, the undersigned has issued a Report and Recommendation for the
district judge's consideration. *See* 28 U.S.C. § 636(b)(1); *see Ritter v. Cook*, 45 F. App'x 325 (5th Cir. 2002)
("Because the magistrate judge had not obtained consent from all parties to rule on Ritter's motion for a preliminary
injunction, the magistrate judge was without jurisdiction to issue a dispositive order on that motion."); *Beaird v.
Lappin*, No. 06-967, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006) (vacating magistrate judge's order on
motion for temporary restraining order, noting that magistrate judge should have submitted  proposed findings of
fact and recommendations for disposition as required under 28 U.S.C. § 636(b)(1)(B)); *see also Hanson v.
Drummond*, No. 25-102, 2025 WL 636319, at *2 (W.D. La. Feb. 27, 2025) (concluding that magistrate judge had
the authority to issue a report and recommendation to the district judge regarding a motion for temporary restraining
order).

the garnishment of Plaintiff's bank account and, ultimately, multiple arrests in 2024 and 2026. While it is not entirely clear, it appears that Plaintiff's arrests and criminal proceedings pertain to charges of cyberstalking and improper telephone communications with respect to Donaldson. Plaintiff further appears to have entered a guilty plea on February 5, 2026, and a hearing was set for June 17, 2026 with respect to the withdrawal of the guilty plea.

Plaintiff seeks relief for the following claims: deprivation of liberty without due process of law; malicious prosecution; First Amendment retaliation; abuse of process; conspiracy to interfere with civil rights; unlawful seizure/wrongful arrest; conditions of confinement/deliberate indifference to serious medical needs; coerced and involuntary guilty plea; and state law claims for legal malpractice, fraud, abuse of process, and intentional infliction of emotional distress.

In the instant motion, Plaintiff seeks preliminary injunctive relief, including: a stay of state-court criminal proceedings against her; an injunction precluding the defendants from being any new arrests, criminal complaints, or professional-license actions against her; an injunction precluding Burke from communicating with the Baton Rouge Police Department, the EBR Parish District Attorney's Office, or the Louisiana State Board of Social Work Examiners; and the preservation of all state-court records, BRPD case files, and prosecutorial files pertaining to Plaintiff. (R. Doc. 6).

Rule 65(b)(1) provides the following with respect to the issuance of a temporary restraining order ("TRO") without notice to the defendants:

> **(1) *Issuing Without Notice.*** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

2

>    **(B)** the movant's attorney certifies in writing any efforts made to give
>    notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis added).

Having considered Plaintiff's allegations, the Court concludes that Plaintiff has failed to satisfy the requirements of Rule 65(b)(1). Foremost, while Plaintiff states that she submitted a Verified Complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, her verification is not executed. (*See* R. Doc. 1 at 26). Plaintiff does not otherwise submit an affidavit pursuant to Rule 65(b)(1)(A). Second, the allegations in the Complaint do not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's allegations regarding the ongoing risk of arrests and prosecutions are vague, conclusory, and speculative at best.

Plaintiff's failure to comply with Rule 65(b)(1)'s verification requirements, standing alone, is a sufficient basis to deny her request for a TRO. *See Lakeview Loan Servicing, LLC v. Truehill*, No. 25-00255-BAJ-RLB, 2025 WL 980064, at *1 (M.D. La. Apr. 1, 2025) (citing *Stevenson v. Benjamin*, No. 19-00637-BAJ-SDJ, 2021 WL 11592389, at *1 (M.D. La. Feb. 17, 2021) (denying pro se plaintiff's motion for temporary restraining order due to failure to comply with Rule 65's notice requirements); *Hampton v. First Guaranty Mortgage Corp.*, No. 16-632, 2016 WL 5796886, at *1 (M.D. La. Sept. 30, 2016) (same); *Spears v. Scales*, No. 15-11-SDD-RLB, 2016 WL 3774069, at *1 (M.D. La. July 13, 2016) (same)).

Furthermore, the Court finds that Plaintiff has not satisfied the requirements for preliminary injunctive relief at this time. A party seeking preliminary injunctive relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest. *See Texas*

*Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 21 (2008)). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). The moving party must satisfy all four factors. *See Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Clark v. Prichard*, 812. F.2d 991, 993 (5th Cir. 1987) ("The party seeking [injunctive] relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."). "The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court." *See Allied Mktg. Grp.*, 878 F.2d at 809.

For the purposes of the instant Motion for TRO, Plaintiff has not established substantial likelihood of success on the merits. Foremost, at least two of the defendants – Donaldson and Burke – are not facially state actors for the purposes of Section 1983. *See Spoon v. Bayou Bridge Pipeline, LLC*, No. 19-516, 2020 WL 5803453, at *3 (M.D. La. Sept. 29, 2020) ("It is well settled that private parties do not become state actors merely by calling upon law enforcement for assistance. Likewise, private citizens who give information to law enforcement do not become state actors under Section 1983 when the information is used to effect an arrest, even if the citizen knew that the information was false."). Accordingly, there is not a substantial likelihood of success on the merits with respect to Plaintiff's Section 1983 claims raised against Donaldson and Burke, and the Court finds no basis to issue any injunctive relief at this time regarding those individual defendants.

4

The Court also finds that Plaintiff has not established a substantial likelihood of success on the merits with respect to the remaining relief, which includes injunctive relief with respect to unidentified ongoing criminal prosecution, future arrests, criminal complaints, or professional-license actions against Plaintiff. The Ant-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Where an injunction against a criminal proceeding is sought under [Section] 1983, 'the principles of equity, comity, and federalism' must nonetheless restrain a federal court." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)). "[E]ven where the prayer for injunctive relief does not seek to enjoin the state criminal proceedings themselves, we have held that the principles of equity nonetheless militate heavily against the grant of an injunction except in the most extraordinary circumstances. " *Rizzo*, 423 U.S. at 379.

Absent extraordinary circumstances, federal courts should not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971); *see also DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending."). Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If the three

5

prerequisites are satisfied, then a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Bice*, 677 F.3d at 716 (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)).

Having reviewed Plaintiff's claims, it appears that most, if not all, injunctive relief sought will be precluded by the *Younger* abstention doctrine. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citations omitted). Here, Plaintiff raises conclusory arguments regarding bad faith and harassment, irreparable harm, and serial arrests in support of a finding that the extraordinary injunctive relief sought is appropriate.

Plaintiff has not demonstrated to the Court, for the purposes of the instant Motion for TRO that any preliminary injunctive relief is merited at this time. The Court has provided Plaintiff with the opportunity to serve the defendants. The Court will determine whether and to what extent Plaintiff is entitled to any injunctive relief in this action after the defendants have appeared and had the opportunity to file responsive pleadings.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintif's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 6) be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 25, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

6